Paul J. Widlitz, J.
In this article 78 proceeding petitioner challenges the revocation of his operator’s license pursuant to section 510 (subd. 2, par. a, cl. [iii]) of the Vehicle and Traffic Law which occurred on February 23, 1971. The respondent, in a cross motion, moves to dismiss the petition upon the ground that said petition fails to state facts entitling the relief sought.
The petitioner was convicted on December 15, 1970 in San Diego, California, for drunken driving. At his arraignment, he was advised of his right to counsel and that upon conviction of the charge, his right to drive in the State of California would-be suspended, but was not advised that upon a plea of guilty, his operator’s license would be suspended or revoked in the State of New York. The petitioner pleaded guilty and paid a fine of $250. Thereafter, upon receipt of the certificate of conviction by the Commissioner of Motor Vehicles of the State of New *390 York, a revocation of petitioner’s driver’s license was effected, as mandated by section 510 (subd. 2, par. a, cl. [iii]). Petitioner now challenges said revocation on the theory that he should have been informed of his rights as set forth in section 335-a of the Code of Criminal Procedure. That section provides that a Magistrate upon the arraignment in this State of a resident of this State charged with a violation of the Vehicle and Traffic Law, must inform the defendant at the time of his arraignment or appearance for trial that a plea of guilty is equivalent to a conviction after trial and that after conviction, in addition to a penalty being imposed, a license to drive a motor vehicle and a certificate of registration would be subject to suspension and revocation. The petitioner does not contest the fact that he was convicted for a violation of driving under the influence of intoxicating liquor in the State of California, leaving the sole question whether failure to comply with the requirements of section 335-a of the Code of Criminal Procedure is a denial of due process. The courts have consistently held in this State that section 335-a of the Code of Criminal Procedure pertains to arraignments in the State of New York only and the section does not pertain to proceedings in foreign courts (Matter of La Victoire v. Kelly, 5 A D 2d 548).
Since the Commissioner of Motor Vehicles is required by the Vehicle and Traffic Law (§ 510, subd. 2, par. a, cl. [iii]) to revoke an operator’s license when said operator is convicted of driving under the influence of intoxicating liquor in another State, and since the petitioner does not contest the fact that such a certificate of conviction was submitted to the Commissioner of Motor Vehicles as presumptive evidence of the conviction, the mandatory revocation by the respondent was in order. Accordingly, judgment is granted on the cross motion dismissing the petition.